UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARLEEN LANE,<br><br>　　　　Defendant. | No. 2:17-cv-1988 KJM DB PS<br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains of the destruction of property.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

**I.　　Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny

1

leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

Here, it appears from the complaint's sparse allegations that this court lacks jurisdiction over this matter. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, it does not appear that the court has diversity jurisdiction over this action, as the complaint alleges that plaintiff and defendant are both California residents. Moreover, the allegations of the complaint do not appear to implicate a federal question. In this regard, the complaint alleges that the defendant locked plaintiff out of plaintiff's business and destroyed plaintiff's art work. (Compl. (ECF No. 1) at 6.)

### III. Leave to Amend

For the reasons stated above, plaintiff's complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim for relief upon which the court would have subject matter jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the extremely vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**IV.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed September 26, 2017 (ECF No. 1) is dismissed with leave to amend.[1]

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

5

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: October 20, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/dean1988.dism.lta.ord

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.